1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHAD ELIE,

          Plaintiff(s),

v.

IFRAH PLLC, et al.,

          Defendant(s).

2:13-CV-888 JCM (VCF)

**ORDER**

    Presently before the court is a motion to dismiss filed by defendants Ifrah PLLC ("defendant law firm") and Alain Jeff Ifrah a/k/a Jeff Ifrah ("defendant Ifrah"). (Doc. # 6). Plaintiff Chad Elie ("plaintiff") filed a response in opposition (doc. # 12), and defendants have replied (doc. # 15).

**I.    Factual background**

    In 2009, plaintiff retained defendant law firm to represent plaintiff in United States district court case 2:09-cv-02120-PMP-VCF ("Viable case"), filed in Nevada. (Doc. # 1, ex. A at 3). Plaintiff also retained defendants to represent plaintiff in various transactions involving the processing of funds for online poker websites Full Tilt Poker ("FTP") and Poker Stars ("PS"). (Doc. # 1, ex. A at 3, 6). Plaintiff paid defendants in excess of $4,000,000.00 in attorney's fees and commissions over the scope and course of defendants' representation of plaintiff. (Doc. # 1, ex. A at 4). Plaintiff was in the business of processing financial transactions in relation to peer-to-peer online poker. (Doc. # 1, ex. A at 6). Plaintiff alleges defendant Ifrah advised that online poker was completely legal so long as plaintiff was transparent about the payments with the banks and there

**James C. Mahan**
**U.S. District Judge**

1  were no criminal ramifications to engage in such activities. (Doc. # 1, ex. A at 6). Plaintiff also

2  alleges defendant Ifrah represented both FTP and PS as well as plaintiff in transactions between the

3  poker websites and plaintiff, reaping the financial benefits of both. (Doc. # 1, ex. A at 6).

4      Plaintiff was indicted on April 15, 2011, ("black Friday case") for illegally processing

5  financial transactions for peer-to-peer online poker websites FTP and PS. (Doc. # 1, ex. A at 9).

6  Plaintiff pleaded guilty to one count of felony bank fraud and was sentenced to five months in prison.

7  (Doc. # 1, ex. A at 9). Plaintiff asserts his guilty plea for bank fraud arose from previous transactions

8  with a bank in Florida, activity that occurred before plaintiff met and retained defendants. (Doc. #

9  12 at 4). Plaintiff alleges that the government pursued plaintiff for his 2008 activity because he

10  resumed processing payments from FTP and PS in late 2010 and early 2011. Plaintiff argues that his

11  choice to perform that conduct was in reliance on the inaccurate legal advice he received from

12  defendant Ifrah. (Doc. # 12 at 4).

13      Plaintiff alleges that in late 2010 defendant Ifrah received a memorandum regarding

14  discussions with the U.S. Attorney's Office for the Southern District of New York stating that third-

15  party poker processing was illegal (Doc. # 1, ex. A at 7). Plaintiff claims defendant Ifrah failed to

16  disclose the memorandum to plaintiff; it was only after plaintiff was indicted in the black Friday case

17  that plaintiff was notified of defendant Ifrah withholding the document. (Doc. # 1, ex. A at 8).

18      Defendants claim that plaintiff's assertions are contradicted by plaintiff's sworn testimony

19  in the black Friday case. (Doc. # 6 at 5). Plaintiff pleaded guilty on March 26, 2012. (Doc. # 6 at 6).

20  Defendant asserts plaintiff admitted during his allocution that from May 2008 through April 14,

21  2011, he served as third-party payment processor for various internet poker companies. (Doc. # 6

22  at 6-7). Defendant alleges that in plaintiff's allocution, plaintiff admitted that he knew online poker

23  constituted illegal gambling, that he surrendered any claim that he did not act with criminal intent

24  because he relied on advice of counsel, and that he pleaded guilty to conspiracy. (Doc. # 6 at 8-9).

25      Plaintiff filed the instant complaint on April 11, 2013, alleging eight causes of action: (1)

26  professional malpractice in the Viable case, (2) professional malpractice in the black Friday case,

27  (3) breach of contract (4) breach of covenant of good faith and fair dealing, (5) intentional

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  misrepresentation fraud, (6) civil actions for damages resulting from racketeering, (7) civil

2  conspiracy/collusion, and (8) piercing the corporate veil. (Doc. #1, ex. A at 9-19). In his prayer for

3  relief, plaintiff requests: (1) consequential damages, (2) punitive damages, and (3) fees and costs.

4  (Doc. # 1, ex. A at 19-20).

5  **II.   Legal standard**

6  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

7  be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

8  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

9  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

10  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

11  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

12  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.

13  at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

14  "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

15  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

16  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

17  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950.

18  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

19  suffice. *Id.* at 1949.

20  Second, the court must consider whether the factual allegations in the complaint allege a

21  plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint

22  alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the

23  alleged misconduct. *Id.* at 1949.

24  Where the complaint does not permit the court to infer more than the mere possibility of

25  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

26  (internal quotations omitted). When the allegations in a complaint have not crossed the line from

27  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

2    1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

3    allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

4    but must contain sufficient allegations of underlying facts to give fair notice and to enable the

5    opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

6    plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

7    be subjected to the expense of discovery and continued litigation." *Id.*

8    **III.    Discussion**

9    On a motion to dismiss, this court "may take judicial notice of matters of public record

10    outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see also*

11    Fed. R. Evid. 201(b)(2); *Wailea Partners, LP v. HSBC Bank USA, N.A.*, Case No. 11-cv-3544 SC,

12    2011 U.S. Dist. LEXIS 144441, n. 3, 2011 WL 6294476, n. 3 (N.D. Cal. Dec. 15, 2011) (taking

13    judicial notice of plea hearing transcript and its contents). Accordingly, this court may take judicial

14    notice of plaintiff's plea allocution in the black Friday case.

15    **(1)    Professional malpractice in the Viable case**

16    Plaintiff alleges that defendants provided him with inadequate legal counsel by failing to

17    respond to a motion for summary judgment and by failing to pursue counterclaims in the Viable case.

18    Plaintiff alleges that as a result of defendants' inaction, the opposing party in the Viable case

19    prevailed without litigating the matter on its merits.

20    Defendants assert that plaintiff's first cause of action should be dismissed as it is unripe

21    because the underlying case giving rise to the alleged malpractice is still pending. Plaintiff argues

22    in response that the underlying action is only still ongoing as to plaintiff Elie's personal liability, and

23    that the court has rendered judgment against Viable Marketing Group, the co-defendant in the case,

24    making it ripe for a malpractice action.

25    In Nevada, "an action for professional malpractice does not accrue until the plaintiffs know,

26    or should know, all facts material to the elements of the cause of action *and damage has been*

27    *sustained.*" *Jewett v. Patt*, 95 Nev. 246, 247 (1979) (emphasis added). The court noted that a legal

28

**James C. Mahan**
**U.S. District Judge**

malpractice claim is premature and should be dismissed when it is too early to know whether damage has been sustained. *Id.* at 247-48; *see Semenza v. Nevada Medical Liab. Ins. Co.*, 104 Nev. 666, 668 (1988). Under Nevada law, "a legal malpractice action does not accrue until the plaintiff's damages are certain and not contingent upon the outcome of an appeal." *Semenza*, 104 Nev. at 668.

Because the plaintiff's personal liability is still being litigated in the Viable case, it is unknown or unclear what plaintiff's damages will be. Accordingly, because plaintiff's claim for professional malpractice in the Viable case is unripe, it will be dismissed.

**(2)     Professional malpractice in the black Friday case**

Plaintiff alleges defendants committed professional malpractice in the black Friday case by failing to investigate whether poker processing was legal and by representing the plaintiff in a matter that was in conflict with defendants' other clients, FTP and PS. Plaintiff also alleges defendant Ifrah violated the rules of professional conduct by disclosing privileged information in order to avoid indictment for his own illegal activities.

Defendants assert that plaintiff's plea allocution in the black Friday case makes it impossible for him to satisfy the element of causation. Defendant argues that when plaintiff pleaded guilty in the black Friday case, plaintiff acknowledged that he acted with criminal intent. Therefore, defendant argues it is impossible to prove that the defendant's actions were the proximate cause of the plaintiff's damages.

In his plea allocution, plaintiff admitted under oath that he conspired to operate an illegal gambling business in violation of federal law. (Doc. # 7, at 11, 21). Furthermore, plaintiff admitted he knew online poker constituted illegal gambling. (Doc. # 7, at 24). Plaintiff also admitted to a specific overt act on July 27, 2009, in furtherance of a conspiracy to willfully and knowingly operate an illegal gambling business with knowledge the government had taken the position internet poker was illegal gambling. (Doc. #7 at 24-25). Plaintiff's guilty plea, therefore, acknowledged plaintiff knew poker processing activities were viewed as illegal by the government, whether transparent or not, before he retained defendants.

. . .

James C. Mahan
U.S. District Judge

- 5 -

1    In order to prevail on a legal malpractice claim, a plaintiff must prove the following elements:

2  (1) an attorney-client relationship; (2) a duty owed by the attorney to the client "to use such skill,

3  prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and

4  performing the tasks which they undertake"; (3) a breach of that duty; (4) "the breach being the

5  proximate cause of the client's damages"; and (5) that the plaintiff suffered actual loss or damage

6  as a result of the negligence. *Day v. Zubel*, 112 Nev. 972 (Nev. 1996).

7    Because plaintiff acknowledged in his plea allocution that he knew online poker constituted

8  illegal gambling, that he surrendered any claim that he did not act with criminal intent because he

9  relied on advice of counsel, and that he pleaded guilty to conspiracy, plaintiff cannot prove the

10  necessary element of proximate causation of his damages. Accordingly, because plaintiff cannot

11  demonstrate that defendants' actions caused plaintiff's damages, this cause of action will be

12  dismissed.

13  **(3)    Breach of contract**

14    Plaintiff alleges defendants failed to comply with the terms of the retainer agreement between

15  the plaintiff and defendants and failed to represent the plaintiff in accordance with those terms.

16  Plaintiff alleges defendants breached the retainer agreement by acting collusively with the intent to

17  defraud plaintiff of his monies by representing both online poker websites and the plaintiff in

18  transactions between the two.

19    Defendants assert plaintiff is judicially estopped from raising a breach of contract cause of

20  action as a result of his allocution in the black Friday case. Defendants claim that plaintiff admitting

21  guilt in black Friday case contradicts his factual allegations in the complaint. Specifically, defendants

22  point to plaintiff's assertion that he "would have never continued to process poker" but for

23  defendants legal advice, which is contradicted by his plea allocution that plaintiff did not rely on the

24  advice of defense counsel. Because of this, defendants assert plaintiff cannot establish the necessary

25  causation element of a breach of contract cause of action.

26    Judicial estoppel is invoked "to prevent a party from changing its position over the course

27  of judicial proceedings when such positional changes have an adverse impact on the judicial

28

James C. Mahan
U.S. District Judge

- 6 -

1   process." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal quotations omitted).

2   "Judicial estoppel is most commonly applied to bar a party from making a factual assertion in a legal

3   proceeding which directly contradicts an earlier assertion made in . . . a prior one." *Id.*

4       In plaintiff's plea allocution, he acknowledged that he had criminal intent and processed

5   poker payments without relying on advice of defense counsel. (Doc. # 7 at 27). "An essential element

6   of a breach of contract claim is a showing that defendant's alleged breach caused damages to the

7   plaintiff." *Keife v. Metro. Life Ins. Co.*, 797 F. Supp. 2d 1072, 1077 (D. Nev. 2011). Accordingly,

8   plaintiff cannot show that defendants' actions were the proximate cause of his damages because he

9   admitted under oath his criminal intent and that he did not rely on advice of defense counsel.

10  Because plaintiff pleaded guilty in the black Friday case, he cannot show that any damages resulting

11  from his illegal business were caused by the defendant and not himself. Therefore, this cause of

12  action shall be dismissed.

13  **(4)      Breach of covenant of good faith and fair dealing**

14      Plaintiff alleges that, based on the continuous relationship between plaintiff and defendants,

15  plaintiff paid defendants for legal advice as agreed upon. Plaintiff claims defendants wrongfully and

16  deliberately took advantage of the good faith extended by plaintiff by not performing under the

17  agreement in a manner reasonably contemplated by the parties.

18      Defendants assert that even if plaintiff's allegations were true, he was not materially

19  disadvantaged by defendants' misleading advice because his plea allocution that established the basis

20  for his conviction was entirely independent from advice of counsel. Defendants claim that plaintiff

21  acknowledged his criminal actions were not due to reliance on defense counsel. Therefore,

22  defendants assert plaintiff admitted fault and must be judicially estopped from a breach of good faith

23  and fair dealing cause of action.

24      A breach of the implied covenant of good faith and fair dealing "forbids arbitrary, unfair acts

25  by one party that disadvantage the other." *J.A. Jones Constr. Co. v. Leher McGovern Bovis, Inc.*, 120

26  Nev. 277, 286, 89 P.3d 1009, 1015 (2004). Here, even when viewing plaintiff's claims in the most

27  favorable light, plaintiff cannot demonstrate he was materially disadvantaged by defendants'

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    misleading advice because his plea allocution established the basis for his conviction was
2    independent of advice of counsel. Accordingly, this cause of action shall be dismissed.

3    **(5)     Intentional misrepresentation fraud**

4           Plaintiff alleges defendants made numerous material, false, and misleading written and oral
5    representations. The statements in question involve defendants' explanation of the legality of
6    processing online poker payments. Plaintiff claims that when defendants made the false
7    representations that processing poker payments was legal they knew or should have known them to
8    be false. Plaintiff asserts that defendants made these false representations knowing plaintiff's
9    reliance on said representations would result in agreements and business transactions providing
10   substantial access of money to defendants.

11          Defendants again argue that this cause of action must be judicially estopped because of
12   plaintiff's plea allocution. In his allocution, plaintiff claimed he had knowledge of the illegality of
13   his actions and did not rely on defense counsel.

14          In order to state a claim for fraud, plaintiff must demonstrate: (1) a false representation by
15   the defendant, (2) defendant's knowledge or belief that the representation is false, (3) defendant's
16   intention to induce the plaintiff to act or refrain from acting in reliance upon the representation, (4)
17   plaintiff's justifiable reliance upon the misrepresentation, and (5) damage to the plaintiff from said
18   reliance. *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 111 (1992).

19          In this case, plaintiff, as a result of his plea allocution, cannot demonstrate that he suffered
20   damages from relying on defendants' allegedly inaccurate statements. Accordingly, plaintiff cannot
21   state a claim for intentional misrepresentation fraud and this cause of action shall be dismissed.

22   **(6)     Civil actions for damages resulting from racketeering**

23          Plaintiff alleges defendants were involved in a pattern of racketeering activity, consisting of
24   at least two acts involving offering false evidence and two acts of obtaining possession of money or
25   property valued at $650 or more by false pretenses. Plaintiff alleges defendant Ifrah provided false
26   and untruthful information and testimony about plaintiff and his clients to the U.S. attorney's office
27   in the investigation leading to the black Friday indictments.

28

James C. Mahan
U.S. District Judge

- 8 -

1      Plaintiff alleges defendants knowingly and designedly by false pretenses obtained monies

2   from plaintiff. Defendants allegedly provided plaintiff with false information regarding the legality

3   of peer-to-peer poker processing to further defendants' own pecuniary interests. Plaintiff claims that

4   defendants encouraged plaintiff to process poker with various banks and receive monies from

5   processing the transactions despite knowing such transactions were likely illegal.

6      Plaintiff alleges defendants intentionally solicited plaintiff's business by providing plaintiff

7   with legal opinions used to obtain plaintiff's business in the poker processing. Plaintiff further

8   alleges defendants knew that the legal advice they were providing served their own pecuniary

9   interests rather than their obligation to plaintiff.

10      Defendants assert plaintiff may not state a racketeering claim because plaintiff's alleged

11   injuries are a result of his own willful and knowing illegal acts, not by his reliance upon

12   representation on the part of defendants.

13      Nevada's anti-racketeering statutes, like their federal counterparts, provide "for a civil cause

14   of action for injuries resulting from racketeering activities under which a plaintiff may recover treble

15   damages, attorney's fees, and litigation costs." *Hale v. Burkhardt*, 104 Nev. 632, 634 (1988) (citing

16   Nev. Rev. Stat. § 207.470). The plaintiff must show that the defendant's RICO violation proximately

17   caused the plaintiff's injury. *Allum v. Valley Bank*, 109 Nev. 280, 283 (1993).

18      Plaintiff alleges this cause of action arises from defendants providing evidence to the U.S.

19   attorney's office, providing false information to plaintiff regarding the legality of poker payment

20   processing, and fraudulently inducing plaintiff to engage in poker processing.

21      In this case, plaintiff does not have standing to bring a racketeering claim against defendants.

22   As a result of his plea allocution, plaintiff cannot demonstrate his injuries to business and property

23   were proximately caused by defendants as opposed to his own willful and knowing illegal acts.

24   Accordingly, this cause of action shall be dismissed.

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 9 -

**(7)     Civil conspiracy/collusion**

Plaintiff asserts defendants acted in concert in planning and carrying out the actions alleged above in furtherance of a common design. Plaintiff alleges defendant Ifrah and defendant law firm worked in concert for their own pecuniary interest in the actions described above.

Defendant asserts plaintiff cannot reasonably state a cause of action for civil conspiracy/collusion because plaintiff cannot show causation, as a result of his plea allocution. "An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. S&L Ass'n*, 99 Nev. 284, 303 (1983).

Because plaintiff cannot demonstrate his damages result from the actions of defendants, he cannot prove the causation element necessary to a civil conspiracy/collusion claim. Accordingly, this cause of action shall be dismissed.

**(8)     Piercing the corporate veil**

Plaintiff alleges defendant law firm was at all times relevant herein influenced by defendant Ifrah. Plaintiff alleges that such behavior of a corporate entity demonstrates that any adherence to the corporate fiction of a separate entity would sanction fraud and/or promote injustice.

Defendants claim plaintiff cannot succeed in a piercing the corporate veil cause of action because all of plaintiff's underlying claims must fail. "A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself." *Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999).

Because plaintiff has not stated causes of action for which relief can be granted, a claim for piercing the corporate veil may not exist on its own. Accordingly, this cause of action must be dismissed.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to dismiss filed by defendants Ifrah PLLC and Alain Jeff Ifrah, (doc. # 6), be, and the same hereby is, GRANTED.

James C. Mahan
U.S. District Judge

- 10 -

1    IT IS FURTHER ORDERED that plaintiff's complaint is dismissed without prejudice.

2    DATED February 10, 2014.

3

4    _____

5    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**