# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHAD ELIE,

       Plaintiff(s),

v.

IFRAH PLLC, et al.,

       Defendant(s).

2:13-CV-888 JCM (VCF)

# ORDER

Presently before the court is defendants Ifrah PLLC's and Alain Jeff Ifrah a/k/a Jeff Ifrah's motion for attorney's fees. (Doc. # 20). Plaintiff Chad Elie ("plaintiff") filed a response in opposition (doc. # 23), and defendants have replied (doc. # 24).

Plaintiff filed the instant complaint on April 11, 2013, alleging eight causes of action: (1) professional malpractice in the *Viable* case, (2) professional malpractice in the black Friday case, (3) breach of contract (4) breach of covenant of good faith and fair dealing, (5) intentional misrepresentation fraud, (6) civil actions for damages resulting from racketeering, (7) civil conspiracy/collusion, and (8) piercing the corporate veil. (Doc. #1, ex. A at 9-19). Defendants filed a motion to dismiss plaintiff's claims (doc. # 6) and the court dismissed all of the plaintiff's claims without prejudice. (Doc. # 18).

Defendants now request that they be awarded attorney's fees that have been incurred as a result of the litigation with plaintiff. Defendants argue plaintiff's case was meritless *ab initio,* and accordingly, they are entitled to attorney's fees under Nevada law. Nev. Rev. Stat. § 18.010(2)(b)

**James C. Mahan**
**U.S. District Judge**

grants the court the liberty to liberally construe the provisions regarding fees when the court "finds that the claim. . . of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party."

Plaintiff, in turn, argues that his complaint was dismissed without prejudice and he intends to re-file an amended complaint when his first cause of action ripens. Plaintiff also continues to argue his second through eighth causes of action still have merit.

In response, defendants claim that plaintiff's first cause of action was blatantly unripe and even if plaintiff may prevail in the future it does not mean the claim has merit now. Although the plaintiff's first cause of action is unripe, it is not so frivolous to warrant attorney's fees at this juncture. As defendants stated in their own motion, this case involves a "complicated factual background." (Doc. # 20 at 2).

Nev. Rev. Stat. § 18.010(2) allows an award of attorney's fees to a prevailing party. The Ninth Circuit has established that a dismissal without prejudice does not confer prevailing party status on the moving party. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008) (holding without prevailing party status, the defendant is ineligible for an award of attorneys' fees). The court has not foreclosed the possibility that plaintiff may have a meritorious claim.

Because the court has not reached a final decision on the merits or determined that either party has prevailed, it will not yet award attorney's fees and costs to either party.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion for attorney's fees filed by defendants Ifrah PLLC and Alain Jeff Ifrah, (doc. # 20), be, and the same hereby is, DENIED.

DATED March 21, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge